## ENGAGEMENT AGREEMENT

1. <u>Subject Matter</u>: GRAND AUTO AND TRUCK CENTER, LTD., ("GRAND AUTO"), whose principle place of business is 2427 West Grand Avenue, Chicago, IL 60612, FEIN: 36-357563 (hereinafter "Client"), by and through its President, Nick Battaglia, hereby retains and employs FORREST L. INGRAM, PETER L. BERK, and MICHAEL V. OHLMAN, of the Law Firm of FORREST L. INGRAM, P.C., [hereinafter "the Firm"] to be its attorneys to represent the corporation in a chapter 11 case to be filed in the Northern District of Illinois, Eastern Division. The term "employ" is used here for the purposes and with the meaning given to it in 11 U.S.C. § 327, and for no other purposes or meanings.

2. <u>Retainer</u>: GRAND AUTO agrees to pay to the Firm, or to cause third parties who are not creditors to pay, a retainer in the sum of **$20,000.00**. To the extent the funds come from the Debtor, they constitute a "security retainer". A "security retainer", as discussed by the Illinois Supreme Court in *Dowling v. Chicago Options Associates, Inc.* 2007 WL 1288279, is a retainer provided by a client to its attorneys to provide funds to compensate the attorney in whole or in part for the legal services to be rendered. The "security retainer" remains the property of the client, and so will be deposited into the attorneys Client Trust Fund Account (IOLTA account) so as not to be commingled with the Firm's funds in its operating account, and will be drawn upon to pay the attorney fees billed each month. Funds that come from some third party will be considered an "advanced payment retainer" and shall be deposited into the Firm's operating account. Those funds shall not be considered property of the Debtor and shall not be subject to claims by the Client's creditors. The parties have agreed that the initial $7,000 will be paid October 30, 2009 and $4,039 on or about the November 4, 2009, and that third parties will pay the remaining $10,000 at the rate of $2,500 per month for an additional four (4) months.

3. <u>Services to be Performed</u>: Services to be performed include but are not limited to the following: preparing and filing of the debtor's schedules and statement of affairs; representing the chapter 11 debtor at the first meeting of creditors; corresponding with the debtor, the trustee, and creditors; handling matters of an "Adversarial" nature; preparing a disclosure statement and plan; and representing Debtor at various hearings.

4. <u>Costs and Fees</u>: GRAND AUTO also agrees to advance to the Firm, or to cause a third party to advance, the required filing fee and administration fee of **$1039.00**, and to pay all costs and expenses incurred by the Firm in connection with the chapter 11 case. GRAND AUTO understands that such costs and expenses include, but not by way of limitation, court fees, costs of expert witnesses, investigators, researchers, court reporters, transcriptions of oral testimony, document photoduplication, faxing, necessary travel, and the like.

5. <u>Hourly Rates</u>: GRAND AUTO understands and agrees that the Firm will bill for services at the customary hourly rate of its employees, and that rates will increase

on the 1st day of January each year. During 2009, the customary hour rates are: Forrest Ingram, $440; Peter Berk, $275; Michael V. Ohlman, $200. The hourly rate of all law clerks is currently $90.

6. <u>Payment Not Conditioned on Success</u>: GRAND AUTO agrees to pay or cause third-party non-creditors to pay the Firm's fees accrued during the chapter 11 case or accrued after confirmation and closure of the case, whether GRAND AUTO completes a successful reorganization or "prevails" in any litigation or whether its bankruptcy case and/or any adversary proceeding is dismissed or decided adversely to GRAND AUTO'S interests. GRAND AUTO agrees to pay or cause others to pay the Firm such fees as are ordered by the Court within fifteen (15) days of the entry of such order, and any fees billed after confirmation or dismissal within 15 days of receipt of invoice. The Firm retains the right to withdraw immediately if any check of a client is returned for insufficient funds.

7. <u>Cooperation and Conflict Resolution</u>: GRAND AUTO and its officers agree to cooperate with the Debtor's counsel in providing accurate and complete information needed for analyzing the financial condition and promoting the interests of GRAND AUTO. GRAND AUTO through its Secretary agrees to attend all meetings required by the Bankruptcy Court and the Rules, and to fulfill its duties as debtor in possession under the Bankruptcy Code. If there should arise any difference of opinion or conflict about any matter, Debtor agrees to discuss the matter first with the Firm to resolve any matter, before seeking outside advice. GRAND AUTO agrees to seek in good faith to resolve any dispute about attorney services or fees with its attorneys prior to submitting such dispute to any tribunal for arbitration or adjudication. Should the Firm incur costs to collect fees ordered by the Bankruptcy Court or incurred after confirmation or dismissal of the case, GRAND AUTO agrees to pay those costs, including reasonable attorney fees.

8. <u>Excluded Services</u>: GRAND AUTO understands and agrees that the Firm is not providing any accounting services, and that it is the responsibility of GRAND AUTO, with the assistant of its accountant, to file all tax returns and to pay all taxes due, including estate taxes and payroll taxes, in a timely manner; further, any appeal to be pursued relating to the subject matter of the Firm's representation will require a separate employment agreement with the Firm. GRAND AUTO understands that it may, with permission of the Bankruptcy Court, engage an accountant to assist in the performance of the Debtor's duties under chapter 11.

AGREED:                         GRAND AUTO AND TRUCK CENTER, LTD.

                                By

                                _____
                                Nick Battaglia, President

Dated:  October 30, 2009

## ACCEPTANCE

I, FORREST L. INGRAM, on behalf of FORREST L. INGRAM, INC., agree to represent GRAND AUTO AND TRUCK CENTER, LTD., in accordance with the terms set forth above in the above Engagement Agreement.

_____
FORREST L. INGRAM