# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GRAND AUTO AND | ) | Case No. 09 B 43770 |
|     TRUCK CENTER, LTD. | ) | |
| | ) | |
| Debtor. | ) | Judge Jack B. Schmetterer |
| | ) | |
| | ) | Hearing: April 28, 2010 at 10:00 a.m. |

## NOTICE OF HEARING

To:  See attached service list

    PLEASE TAKE NOTICE that on **April 28, 2010 at 10:00 a.m.,** the undersigned will appear before the Honorable Judge Schmetterer, Bankruptcy Judge, in Courtroom 682, Dirksen Federal Building, 219 S. Dearborn, Chicago, Illinois the Bankruptcy Court for the Northern District of Illinois, Eastern Division, and shall then and there present **DEBTOR'S OBJECTION TO CLAIM NO. 8 FILED BY MARLIN LEASING CORPORATION**, a copy of which is enclosed herewith and served upon you.

                                        /s/ Michael V. Ohlman

Forrest L. Ingram, #3129032                  One of the Debtors Attorneys
Michael V. Ohlman # 6294512
Philip Groben #6299914
FORREST L. INGRAM, P.C.
79 W. Monroe St., Suite 900
Chicago, IL  60603
(312) 759-2838

## CERTIFICATE OF SERVICE

I, Michael V. Ohlman, an attorney, certify that I caused a true and correct copy of the above and foregoing Notice and the document to which it refers, on all parties entitled to service at the address listed below, by electronic filing through and via US First Class Mail postage prepaid, as set forth on the attached service list, at or before 5:00 p.m. on March 17, 2010

                                        /s/ Michael V. Ohlman

1

## SERVICE LIST

<u>VIA ECF Notice</u>
*Trustee*
William T. Neary
Office of the U.S. Trustee, Region 11
219 South Dearborn, 8th Floor
Chicago, Illinois 60602


<u>Via U.S. Mail</u>

Marlin Leasing Corporation
300 Fellowship Road
Mount Laurel, NJ 08054


Grand Auto and Truck Center, Ltd.
2427 W. Grand Ave.
Chicago, IL 60612

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GRAND AUTO AND | ) | Case No. 09 B 43770 |
| TRUCK CENTER, LTD. | ) | |
| | ) | |
| Debtor. | ) | Judge Jack B. Schmetterer |
| | ) | |
| | ) | Hearing: April 28, 2010 at 10:00 a.m |

### DEBTOR'S OBJECTION TO CLAIM #8 OF MARLIN LEASING PURSUANT TO BANKRUPTCY RULE 3007

NOW COMES the Debtor and Debtor in Possession GRAND AUTO AND TRUCK CENTER, LTD. ("Grand Auto" or "Debtor"), by and through its attorneys, FORREST L. INGRAM, P.C., and pursuant to Rule 3007 of the Rules of Bankruptcy Procedure objects to Claim #8 filed by MARLIN LEASING CORPORATION ("Marlin"). In support of its objection, the Debtor states as follows:

1. The Debtor is an Illinois corporation having its principal offices at 2427 W. Grand Ave., Chicago, IL 60612.

2. On November 18, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division. The Debtor has retained possession of its assets and continues to operate and manage its business under 11 U.S.C. §§ 1107 and 1108.

3. No examiner or trustee has been appointed in this case, and no official committee representing any of the unsecured creditors has been appointed.

1

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1334. The subject matter of this motion is a "core proceeding" under 28 U.S.C. §157(a) and (b)(2)(A), (B), (C), (H) and (K).

5. On December 28, 2009, Marlin filed its proof of claim listing a secured claim of $80,000 and an unsecured claim of $41,879.75. A copy of the proof of claim with its exhibits is attached hereto as Exhibit A.

6. Marlin attached to its claim a copy of the lease agreements, the UCC-1 filing and a "Proof of Claim Exhibit A" showing accelerated payments through 2012 due and owing immediately. (See Exhibit A, page 2-3)

7. The UCC-1 identified the primary collateral as an Auto Paint Spray Booth and Frame Straightening Rack which was affixed to the ceiling of the Debtor's secondary business location at 5701 Claremont, Chicago, Illinois. The owner of the secondary business location is 5701 Claremont Building Corp ("5701 Claremont")

8. In August of 2008, the Debtor abandoned all interest in the collateral when the Debtor moved from their secondary business location due to financial difficulties. Both the Debtor and 5701 Claremont notified Marlin of the change in circumstances.

9. After Marlin did not claim the equipment, it was seized by 5701 Claremont. Currently, the property is being held by 5701 Claremont and is currently at issue in an action titled, *5701 Claremont Building Corporation v. Marlin Leasing Corporation et. al.* – Cook County No. 2009 CH 16608. (A copy of the docket is attached hereto as Exhibit B.)

10. The action filed by 5701 Claremont seeks to foreclose on a storage lien that is secured by the same equipment Marlin identifies in Claim No. 8.

11. Facts from the aforementioned action that are relevant to the debtor's objection are as follows:

    a. On October 14, 2009, the court dismissed the Debtor from the aforementioned state court action with prejudice because it no longer claimed an interest in the property and the court entered a default judgment in favor of 5701 Claremont and against Marlin on the issue of ownership of the property. (See Exhibit C)

    b. Marlin moved to vacate the default judgment but did not modify the order with respect to the Debtor. Marlin then filed its response and affirmative defenses. (See Exhibit B, activity date 12/3/2009 "Answer to Complaint Filed" "Affirmative Defenses Filed")

12. The omission of any third-party action against the Debtor shows that Marlin accepts that the Debtor no longer has custody or control over the equipment subject to their UCC-1 filing.

13. Marlin brings its claim with unclean hands and intending to recover twice for the value of the equipment. The Debtor has no interest in the equipment listed in the claim filed by Marlin and Marlin is engaged in litigation with a third party to recover the equipment subject to their claim.

14. Marlin should also be estopped from claiming a secured position because its inaction is the sole reason it allegedly lost any claim to the collateral. Likewise, any alleged diminution in the value of the collateral was due to Marlin's inaction.

15. The payments due and owing after the Debtor abandoned the property and any residual payment sought by Marlin should be disallowed for want of consideration.

3

16. The Debtor does not claim any interest in the equipment and the estate should not bear the burden of a secured debt when the Debtor does not have any claim or interest in the alleged collateral.

17. Similarly, Marlin should be estopped from claiming any secured position because the terms of the agreement provide for an agreement to lease equipment. The Debtor did not have ownership of the property so Marlin is barred from claiming a security agreement was contemplated.

18. Claim 8 should be reduced in the following ways: 1) the secured amount of $80,000 should be disallowed in its entirety; and 2) the $41,879.75 unsecured claim should be reduced to reflect any and all payments made between the dates of May 10, 2007 and the present.

WHEREFORE, the Debtor prays for an order disallowing the secured amount claimed by Marlin and labeled as "Claim 8" in its entirety, and reduce the unsecured claim of $41,879.75 to accurately reflect any and all payments made under the terms of the Equipment Lease Contract. The Debtor also seeks any further relief as the Court deems fair and just.

                                                Respectfully Submitted,
                                                GRAND AUTO AND TRUCK CENTER, LTD

                                                /s/ Michael V. Ohlman

Forrest L. Ingram, #3129032           One of the Debtors Attorneys
Michael V. Ohlman # 6294512
Philip Groben #6299914
FORREST L. INGRAM, P.C.
79 W. Monroe St., Suite 900
Chicago, IL 60603
(312) 759-2838